IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No: 3:13-CR-30070-DRH |
| NEIL E. PURDY, | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR *DE NOVO* REVIEW OF RELEASE ORDER PURSUANT TO 18 U.S.C. §3145(a)

NOW COMES Defendant, Neil E. Purdy, by his attorney William L. Berry and for his response to the Government's Motion for *De Novo* Hearing on the Orders of Judge Donald J. Wilkerson, releasing Defendant from custody, pursuant to conditions, on January 17, 2014, states as follows:

1. On January 10, 2014 Defendant entered a plea of guilty as to Count I and Count II of the Federal Grand Jury indictment against him. Pursuant to that plea, Judge Donald J. Wilkerson filed the Report and Recommendations as to the acceptance of the plea. Neither party has filed objections.

2. On January 10, 2014, a hearing was conducted before Judge Donald J. Wilkerson on the Motion of Defendant for release from custody. Arguments were presented by both parties. Essentially, the U.S. Attorney advanced the same arguments presented in the Government's Motion now under consideration. Judge Donald J. Wilkerson requested recommendations from Pre-Trial Services on the date of the hearing. Pre-Trial Services advised counsel for both the Defendant and the U.S. Government that he would anticipate a recommendation of release with conditions.

3. While the report of Pre-Trial Services has not been provided, it is anticipated that the report included the recommendations verbally stated on January 10, 2014. Judge Donald J. Wilkerson entered the Order allowing the conditional release on January 17, 2014 and pursuant to that Order, Defendant is currently released, subject to those conditions, and resides with his father, Gene Purdy, in Robinson, Illinois.

4. In its Motion, the Government presents multiple factors, all of which were previously argued on January 10, 2014, asserting they support the argument that Defendant cannot rebut the presumption that he is a continuing danger to the community and a flight risk. (18 U.S.C. §3142(e2) and (f1).) In support of its contention, the Government sets forth events that commenced February 7, 2012, when Defendant was taken into custody on the allegations that led to the charges filed by the State of Illinois in State of Illinois vs. Purdy, Cause No. 12-CF-7, in the Circuit Court of Monroe County, Illinois. Among the assertions advanced by the Government is that the mother (identified as D.S.) of the victim feared the Defendant, as "controlling," and believed he would attempt to contact her or her daughter. The Government further speculates as to the Defendant's ability to contact the mother and daughter, because of his alleged expertise developed during his service with the United States Navy and subsequently, with the U.S. Naval Reserves.

The Government's arguments lack merit for multiple reasons. First, the Defendant was taken into custody in February 2012, and subsequently released on bail. As a condition of his bail, he was to refrain from the use of the internet, and, more importantly, from attempting to contact D.S. or her daughter. Defendant remained on bail until taken into custody in March, 2013, following his plea pursuant to agreement. It should be noted that the Defendant remained released on bail, subsequent to the plea, and during the pre-trial investigation, until sentencing.

During the course of more than a year, Defendant resided in Mattoon, Illinois, without monitoring. No attempt was advanced by the Defendant to contact either D.S. or her daughter. Consequently, there is no merit in the Government's speculation that Defendant would attempt any contact of those same individuals during the period that he remains under conditional release in this cause. Judge Donald J. Wilkerson took these arguments into consideration, together with the recommendations of pre-trial services, and ordered the Defendant's release on January 17, 2014, subject to conditions that would allow the appropriate monitoring of his activities.

5. Pursuant to the provisions of Title 18 U.S.C., §3143B, the Court may grant a release if it finds there is clear and convincing evidence that Defendant is not likely to flee and poses no danger to other persons in the community. In this case, Defendant, over a period of almost two years, has demonstrated that even though given the opportunity, he is neither a threat to the community nor a flight risk. As already presented in this Response, the reasons are multiple:

(a) During the course of his release on bond, from February 2012 to March 2013, Defendant engaged in no activity, though closely monitored that reflected any continued efforts to engage in the conduct for which has resulted in his plea of guilty in this Court;

(b) Defendant resided in Mattoon, Illinois and engaged in no conduct that could in any way be construed as an effort to flee the State of Illinois;

(c) Defendant has at no time, since his arrest, attempted to contact D.S. or the daughter;

(d) Of greatest importance, Defendant, from the time of his interview on February 7, 2012, has cooperated fully with all arresting authorities, in

providing statements, and in granting access, unencumbered, to the computers resulting in his indictment and ultimate plea in this cause.

6. Defendant will undergo extensive evaluation in the conduct of the Pre-Sentencing Evaluation. Pre-Sentencing Evaluation has already been conducted as a result of the negotiations and ultimate plea in the cause pending in the Circuit Court of Monroe County. No investigation has produced any evidence that would substantiate the extensive speculation, by the U.S. Attorney, that Defendant will either present himself as a danger to society, during the course of his release from custody, or as a flight risk. In fact, evidence of his activities since February 2012 lead to the opposite conclusion.

WHEREFORE, a review of the Release Order entered by Judge Donald J. Wilkerson will allow Defendant to remain on bail, pursuant to the conditions already ordered.

WILLIAM BERRY & ASSOCIATES, LLC

BY: /s/ *William L. Berry*

William L. Berry #0198676
Attorney for Defendant
300 West Clay Street
Collinsville, Illinois 62234
(618) 344-0034  Fax: (618) 344-3853
wberry@wberry.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 3:13-CR-30070-DRH |
| | ) | |
| NEIL E. PURDY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2014, I electronically filed Defendant's Response to the Government's Motion for *De Novo* Review of Release Order Pursuant to 18 U.S.C. §3145(a) with the United States District Court for the Southern District of Illinois by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Angela Scott
U.S. Attorney

WILLIAM BERRY & ASSOCIATES, LLC

BY: /s/ *William L. Berry*
William L. Berry #0198676
Attorney for Defendant
300 West Clay Street
Collinsville, Illinois 62234
(618) 344-0034  Fax: (618) 344-3853
wberry@wberry.com

Page 5 of 5
Case No: 3:13-CR-30070-DRH